# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMIS MELWOOD JOHNSON,<br><br>    Petitioner, ,<br><br>v.<br><br>UNITED STATES OF AMERICA ,<br><br>    Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br><br>Case No. 2:14-cv-00595-CW<br><br>Hon. Clark Waddoups |

Petitioner Jamis Melwood Johnson was convicted after a jury trial in United States District Court on several counts of mail and wire fraud. *United States v. Johnson*, 2:09-cr-133. The jury verdict was returned on March 18, 2011. [2:09-cr-133, Dkt. No. 232.] Because of prolonged post-trial motions and sentencing issues, judgment was not entered until September 10, 2014. [2:09-cr-133, Dkt. No. 488.] Johnson filed an Amended Notice of Appeal of his conviction on November 8, 2014 and the appeal is pending. [2:09-cr-133, Dkt. No. 507.] Johnson is currently imprisoned at the Utah State Prison under a Utah State conviction for securities fraud. Johnson previously sought habeas corpus relief for the Utah State conviction under 28 U.S.C. § 2254 which was denied. *Johnson v. Mayer*, 2:11-cv-450, Dkt. No. 14.

In the present petition, Johnson seeks habeas corpus relief under 28 U.S.C. § 2241 in both the State and Federal cases on the ground of actual innocence.  The Tenth Circuit has explained the requirements for seeking habeas relief as follows:

> Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255. To this rule, Congress has provided only one exception: a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is "inadequate or ineffective to test the legality of his detention."

*Prost v. Anderson,* 636 F.3d 578, 580 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)).  Ordinarily a petitioner must seek relief under Section 2255 in the district court that convicted him.  Such a petition is available only after a petitioner has exhausted his direct appeal.  When a petitioner incorrectly seeks relief under Section 2241, the Court has advised, "a district court would normally dismiss [the petitioner's] § 2241 petition without prejudice so that he might refile it as a § 2255 motion in the appropriate sentencing court."  *Prost*, 636 F.3d at 581 (citing *Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996)).

Johnson's present Petition is premature.  First, it was filed on August 15, 2014, before his conviction was final and judgment had been entered.  Second, Johnson has not exhausted his direct appeal.  Finally, he is proceeding under Section 2241 when the appropriate path to seek relief is under Section 2255.  Moreover, his attempt to seek relief for his Utah State conviction has already been dismissed.  For all of these reasons, the Petition is dismissed without prejudice to Johnson's right to refile an appropriate petition once he has exhausted the other remedies that may be available to him.

IT IS THEREFORE ORDERED:

Johnson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 is

DISMISSED WITHOUT PREJUDICE.

DATED this 12th day of December, 2014.

BY THE COURT:

HON. CLARK WADDOUPS
United States District Judge